IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


VINCENT JAMES EASTWOOD                                    PLAINTIFF


        v.                        CIVIL NO. 11-3126


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                           DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Vincent James Eastwood, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review,

the Court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  See 42 U.S.C. § 405(g).

## I.      Procedural Background:

        Plaintiff protectively filed his current application for DIB on March 5, 2010, alleging an

inability to work since August 7, 2001, due to cardiomyopathy, congestive heart failure,

ulcerative colitis, depression, arthritis, psoriasis, fibromyalgia, and a history of tachycardia.  (Tr.

98, 130).  For DIB purposes, Plaintiff maintained insured status through December 31, 2005.

(Tr. 14).  An administrative hearing was held on January 12, 2011, at which Plaintiff appeared

with counsel and testified. (Tr. 28-46).

By written decision dated January 24, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: a remote T12 compression fracture, colitis, status post colectomy with ilieorectal anastamosis, and psoriasis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 17).  The ALJ found during the relevant time period,  Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work as defined in 20 C.F.R. 404.1567(a).  (Tr. 17).  The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled prior to the expiration of his insured status.  (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 21, 2011. (Tr. 5).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 7,8).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

-2-

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Plaintiff argues the following: 1) the ALJ erred in finding that Plaintiff did not meet Listing 5.00 for his ulcerated colitis; 2) the ALJ erred in determining Plaintiff's RFC; 3) the ALJ did not give proper consideration to Plaintiff's complaints of chronic pain; 4) the ALJ failed to utilize the testimony of a vocational expert; and 5) the ALJ failed to fully and fairly develop the record.

**A.    Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2005. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 7, 2001, his alleged onset date of disability, through December 31, 2005, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that, on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months

-4-

or result in death.  Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

###### B.     Listing Impairment 5.00:

Plaintiff argues that the ALJ erred in determining that Plaintiff failed to meet the requirements of Listing 5.00 based upon Plaintiff's ulcerative colitis and associated digestive tract complications.[1]  As pointed out by Defendant, Plaintiff argued that he met the requirements

---

[1]Plaintiff discusses two sections of Listing 5.00:

1. Listing 5.06 Inflammatory bowel disease (IBD) documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:

A. Obstruction of stenotic areas (not adhesions) in the small intestine or colon with proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6–month period;

OR

B. Two of the following despite continuing treatment as prescribed and occurring within the same consecutive 6–month period:

1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or

2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or

3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or

5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or

6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

2. Listing 5.08 Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a

of Listing 5.00,  and that the medical records supported this argument; however, Plaintiff failed

to cite to specific medical records that showed Plaintiff met each requirement of Listing 5.06 or

5.08.  See Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir.2004) (noting that the plaintiff has

the burden of proof of establishing that his or her impairment meets or equals a Listing).

Furthermore, after reviewing the entire record, the Court finds substantial evidence to support

the ALJ's determination that prior to the expiration of his insured status, Plaintiff did not meet

Listing 5.00.

     While not listed as an argument warranting remand in his appeal brief, Plaintiff appears

to argue that he also met Listing 8.05[2] for his psoriasis,  and Listings 1.02[3] and 1.04[4] for his spine

---

consecutive 6–month period.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 5.06 and 5.08.


[2] 8.05 Dermatitis (for example, psoriasis, dyshidrosis, atopic dermatitis, exfoliative dermatitis, allergic
contact dermatitis), with extensive skin lesions that persist for at least 3 months despite continuing
treatment as prescribed.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 8.05.


[3] 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity
(e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and
stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and
findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or
ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in
inability to ambulate effectively, as defined in 1.00B2b;
or
B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-
hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.02.


[4] 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis,
osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of
a nerve root (including the cauda equina) or the spinal cord. With:

-6-

and joint impairments.  Plaintiff again failed to cite to the relevant medical evidence to support this argument.  After thoroughly reviewing the record, the Court finds substantial evidence to support the ALJ's determination that prior to the expiration of his insured status, Plaintiff did not meet the requirements of Listings 8.05, 1.02 or 1.04.

       **C.**    **RFC Determination**:

       RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

---

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
    or
B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
    or
C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04.

AO72A
(Rev. 8/82)

addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform a full range of sedentary work prior to December 31, 2005, the ALJ considered the medical assessments of the non-examining agency medical consultants; the January 11, 2011 opinion, of his treating physician Dr. George Dean Patterson, that Plaintiff was unable to perform even sedentary work (Tr. 1783-1785); the medical records from the relevant time period; the disability rating given by the Veterans Administration (VA); and Plaintiff's subjective complaints.

With regard to Dr. Patterson's January of 2011 opinion that Plaintiff was unable to perform even sedentary work, the ALJ stated that he did not give this opinion controlling weight because Dr. Patterson included impairments that were not diagnosed or treated until after Plaintiff's date last insured had expired; and that Dr. Patterson's opinion was inconsistent with the medical evidence during the relevant time period.  After reviewing all of the evidence of record, the Court finds that the ALJ properly addressed why he did not give controlling weight to Dr. Patterson's opinion.  See Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006) (ALJ may elect in certain circumstances not to give controlling weight to treating physician's opinion, as record must be evaluated as whole; for treating physician's opinion to have controlling weight, it must be supported by medically acceptable diagnostic techniques and not be inconsistent with other substantial evidence in the case record);  Dixon v. Barnhart, 353 F.3d 602, 606 (8th Cir. 2003) (medical opinions of a treating physician are normally accorded substantial weight, but they must not be inconsistent with other evidence on the record as a whole).

AO72A
(Rev. 8/82)

When determining Plaintiff's RFC, the ALJ also considered the VA's 100% disability determination.[5]   The Court notes that while the ALJ should consider the VA's finding of disability, Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir.1998), the ALJ is not bound by the disability rating of another agency when the ALJ is evaluating whether the claimant is disabled for purposes of social security benefits, 20 C.F.R. § 404.1504; Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir.1994) (per curiam) ("There is no support for [the claimant]'s contention that his sixty-percent service-connected disability rating equates with an inability to engage in any substantial gainful activity under social security standards.").   The Court finds that the ALJ properly addressed the VA's disability rating in this case.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and that there was sufficient evidence for the ALJ to make an informed decision.  Therefore, the Court finds there is substantial evidence of record to support the ALJ's RFC findings for the relevant time period.

### D.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support

---

[5]The Court notes Plaintiff received 100% VA disability for his ulcerative colitis and 30% VA disability for his psoriasis.

them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  Although Plaintiff contends that his impairments were disabling prior to the expiration of his insured status, the evidence of record does not support this conclusion.

A review of the record revealed that Plaintiff's ulcerative colitis caused the need for Plaintiff to undergo surgical intervention in August of 2001, and again in November of 2001.  (Tr. 259, 292, 264, 302, 314, 555, 559).  However, subsequent follow-up records revealed that Plaintiff reported zero pain in October of 2002 (Tr. 540), and Plaintiff was doing "quite well" in December of 2003.  (Tr. 524).  In December of 2004, Dr. Patterson noted that Plaintiff was back to his normal weight, and by October of 2005, Plaintiff's weight was ten pound higher than his baseline.  (Tr. 499).  At that time, Plaintiff reported that he had six loose stools a day.  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff's ulcerative colitis was not a disabling impairment during the relevant time period.

Plaintiff also received treatment for psoriasis during the relevant time period, and in August of 2002 medical records indicated that his psoriasis had "completely cleared." (Tr. 313). Subsequent medical records indicated that Plaintiff had flare-ups, and that medication was noted to provide moderate improvement and fair results.  (Tr. 508, 538).  Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009)(impairments that are controllable or amenable to treatment do not support a finding of disability).  It is noteworthy that in February of 2007, well after the

-10-

expiration of his insured status, Plaintiff reported that his psoriasis medication was working well. (Tr. 1018).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff's psoriasis was not a disabling impairment during the relevant time period.

The medical evidence revealed that while Plaintiff did seek treatment for his ulcerative colitis and psoriasis, he sought very minimal treatment for his alleged disabling back and joint impairments.  Plaintiff also repeatedly denied experiencing depression during the relevant time period.  (Tr. 496, 508, 539, 547).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's determination that Plaintiff's back, joint and mental impairments were not a disabling impairment during the relevant time period.

With regard to daily activities the record revealed that in December of 2002, Plaintiff reported he had helped build his home, which included carpentry, plumbing and electrical work. (Tr. 538).  In March of 2004, Plaintiff sought treatment after being hit in the abdomen with a ditch digging machine.  (Tr. 520).  The record revealed that almost four years after the expiration of his insured status, Plaintiff was able to go hiking and elk hunting in Colorado in October of 2009, without any problems.  (Tr. 739,  768).  At that time, Plaintiff also reported that he could walk two to three miles.  (Tr. 1284).  The record revealed that in April of 2010, almost five years after the expiration of his insured status, Plaintiff reported he was able to drive his children to school and himself to doctors appointments; to prepare simple meals; to watch television; to take care of his personal needs; and to talk on the phone and the computer; to go to church; and to sit for long periods of time.  (Tr. 141-148).

Based on the record as a whole, the Court finds there is substantial evidence to support

-11-

the ALJ's credibility findings.

### E.   Use of the Medical-Vocational Guidelines:

The Court will next address the ALJ's use of the Grids to determine that Plaintiff could perform substantial gainful employment within the national economy.  If an ALJ finds, and the record supports the finding, that a claimant can perform the full range of activities in a work category, the ALJ may refer to the Grids found in 20 C.F.R. Part 404, Subpart P, Appendix 2 in making the ultimate conclusion of disability or non-disability.  See Harris v. Shalala, 45 F.3d 1190, 1194 (8th Cir. 1995).  Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff was capable of the full range of sedentary work prior to the expiration of his insured status, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for sedentary work, Plaintiff was not disabled.

### F.   Fully and Fairly Develop the Record:

The Court rejects Plaintiff's contention that the ALJ failed to fully and fairly develop the record.  While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

-12-

AO72A
(Rev. 8/82)

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 2nd day of November, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-13-